**CITY OF AMARILLO et al., Appellants,**

v.

**James D. MENDENHALL, Appellee.**

No. 6466.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 24, 1955.

Rehearing Denied Feb. 21, 1955.

Monning & Monning, Amarillo, for appellants.

Harris Lofthus, Amarillo, for appellee.

NORTHCUTT, Justice.

This is an appeal from a judgment of the District Court where the Court ordered the City of Amarillo to immediately restore James D. Mendenhall to full duty as a patrolman on the police force of the City of Amarillo, in good standing, with all the privileges, emoluments, pay and allowances of said office, and all civil service rights to which he would have been entitled had there been no suspension. The judgment appealed from further ordered that the City of Amarillo shall compensate plaintiff fully at the rate of pay provided for the position from which he was suspended in accordance with the computation thereof made by the Accounting Department of defendant from date of his suspension. Although the Civil Service Commission has been named as an appellant, we will only refer to the City of Amarillo as appellant.

This case was submitted to the Court without a jury upon an agreed statement of facts. In the agreed statement of facts, it is further agreed as follows:

"It is further agreed by the parties that the facts herein set out give rise to but one question of law, which said question of law is the sole question submitted to this Court for its determination in this action, to wit:

*Question:* Was plaintiff's offer of resignation and immediate attempt at withdrawal thereof, after acceptance

by the Department Head, effective to terminate plaintiff's employment with the City of Amarillo, or was it not effective to accomplish that result?"

It was stipulated in the agreed statement of facts that on May 4, 1954, complaint was made to the Chief of Police that plaintiff had been guilty of improper conduct with the wife of complainant; that on the same date, the Chief of Police entered an order of suspension from his duties against plaintiff, all in accordance with the Civil Service regulations with the City of Amarillo; such charges have since been withdrawn; that on May 5, 1954, plaintiff filed with the Civil Service Commission of Amarillo his notice of appeal from the order of suspension; and that on May 7, 1954, he was persuaded to sign a resignation from his employment with the Amarillo Police Department; then made the further stipulation:

"5. That the offer of resignation was immediately presented to the Chief of Police, the Department Head, who approved it and signed it before plaintiff attempted to withdraw it; that in doing this, the Department Head intended to finally accept the resignation by such action, but whether he did accept it or not is a question of law;

"6. That within hours of the signing of said resignation, plaintiff returned to the Police Station and informed the said John Amend that he wished to withdraw said resignation; that the said John Amend informed plaintiff that that was impossible, as it had already been sent over to the City of Amarillo Personnel Office to Mr. Clifford Davis, Secretary to the Civil Service Commission;

"7. That on the morning of the 8th day of May, 1954, plaintiff went to the office of Clifford Davis before Mr. Davis arrived at his office, and upon the arrival of Mr. Davis, informed him that he wished to withdraw his resignation;

"8. That Mr. Davis informed plaintiff that he, Mr. Davis, knew nothing of any resignation, as it had not reached him yet; whereupon, Mr. Davis looked in his mail, and discovered that said resignation was in his incoming mail basket; that upon discovering said resignation in his mail, Mr. Davis informed plaintiff that he could not allow him to withdraw it, as the police department had control of it;

"9. That plaintiff returned immediately to the Police Department and requested that said resignation be withdrawn, but was informed by the officer in charge of said Police Department that it was in the jurisdiction of the Civil Service Commission of the City, and would have to be acted upon by them;

"10. That on the morning of the 8th day of May, as aforesaid, plaintiff consulted with an attorney, and engaged him to attempt to persuade the said Clifford Davis to allow withdrawal of said resignation;

"11. That on the morning of Monday, May 10, said attorney called upon Clifford Davis to attempt to so persuade him, and was informed by Mr. Davis that, as the Police Department had a carbon copy of said resignation, it was impossible to allow withdrawal of the copy in the hands of Mr. Davis; and that, unless the police department was willing to allow such withdrawn, it would be necessary to call the attention of the Civil Service Commission to the matter at its regularly scheduled meeting on Tuesday evening, May 11, 1954, that at this time, the three members of the Civil Service Commission had no notice of either the suspension or the resignation; that though the aforementioned notice of appeal to the Commission had been seasonably filed with that body, there had not been a meeting since before plaintiff's suspension;

"12. That the regularly scheduled meeting of the Civil Service Commission was postponed from May 11 to May 12, at which time plaintiff's attor-

ney met with said Commission and explained the situation to them, and requested withdrawal of said resignation;

"13. That no decision was reached on the night of May 12, but said Civil Service Commission held another meeting on the morning of May 15, 1954, at which time the decision was reached by them, and an order entered, that the resignation had been tendered by plaintiff and accepted, before withdrawal, by the Chief of Police; therefore, that the Commission would not hear plaintiff's appeal from the order of suspension; that notice of said meeting and order was communicated to plaintiff's attorney on the 15th day of May, 1954;"

Since it was agreed by the parties that the sole question to be presented to the Court was whether the plaintiff's offer of resignation and immediate attempt at withdrawal thereof, after acceptance by the department head, was effective to terminate his employment with the City of Amarillo or was it not effective to accomplish that result, there was nothing to consider as to the suspension of the plaintiff nor as to his appeal from such suspension but the sole question to be determined was if plaintiff's resignation had been accepted before his attempt to withdraw the same.

The trial court seemed, by its judgment, to have dealt with this case solely from the suspension standpoint and that question was not before the court under the agreement of the parties as above set out and for the further reason that the appellee never proceeded to completion of his appeal to the Civil Service Commission and he was not permitted to apply to the courts for any relief as to the suspension until he completed his appeal with the Civil Service Commission.

We are of the opinion, under the agreed facts, that the plaintiff resigned and his resignation was immediately handed to the Chief of Police and accepted by him and such acceptance was mailed by the Chief of Police to the Civil Service Commission before the plaintiff ever attempted to withdraw his resignation and such acceptance was in the hands of the secretary of the Civil Service Commission at and before the appellee requested a withdrawal of his resignation from the secretary of the Civil Service Commission. There seemed to be no question but what the Chief of Police of the City of Amarillo had the authority to appoint a successor to the plaintiff. When a policeman's services were terminated for any reason, the Chief of Police notified the Civil Service Commission of that fact and the Chief of Police was furnished the names of the three persons desiring the job that had the highest grade and the Chief of Police would employ one of the three. Since the Chief of Police was the one having the authority to hire plaintiff's successor, he was the proper one to receive the resignation. Under this record, the Chief of Police did immediately receive plaintiff's resignation and all that he had to do was the ministerial act of signing the same and this act was acceptance so far as he was concerned and the same was accepted and delivered by mail to the Civil Service Commission and the plaintiff was not entitled, as a matter of law, to withdraw his resignation as the request, after acceptance, came too late. Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398.

We are of the opinion that the trial court erred in holding that, after the filing of plaintiff's resignation by him, its acceptance did not terminate the plaintiff's employment. Judgment of the trial court reversed and judgment rendered that the appellee be denied all relief.