**The TEXAS DEMOCRATIC EXECU-
TIVE COMMITTEE, Bob Slagle,
Chairman, and Ron Carr, Relators,**

v.

**Jack RAINS, Secretary of
State, Respondent.**

No. C–7672.

Supreme Court of Texas.

Aug. 24, 1988.

1. Unless otherwise provided, the sections re-
ferred to in this opinion are part of the Texas

## OPINION

GONZALEZ, Justice.

In this mandamus proceeding, the Texas Democratic Executive Committee, along with its Chairman and its nominee, seek to compel the Secretary of State to accept certification of Ron Carr as the Democratic candidate for the unexpired term of Justice Rudolph "Rudy" Esquivel of the Fourth Court of Appeals. We conditionally grant the writ of mandamus.

■ The facts in this case are not in dispute. Justice Esquivel submitted his resignation to be effective January 1, 1989, to the Governor. The resignation was received on June 21, 1988, but the Governor's appointments secretary informed Justice Esquivel that the Governor would not accept the resignation until November 1988. In turn, the Secretary of State has refused to act on the certification of Ron Carr as the Democratic candidate for Justice Esquivel's unexpired term in the November general election. *See* Tex.Elec.Code Ann. §§ 202.002, 202.006 (Vernon 1988); *see also* § 145.031 *et seq.*[1] The Secretary of State claims that he has no duty or authority to act on the certification without a "vacancy" in office, and that no vacancy exists unless and until the Governor accepts the resignation. The Relators then brought this mandamus proceeding under Tex. Gov't Code Ann. § 22.002(c) and Tex.Elec.Code Ann. § 273.061 (Vernon 1988). They contend that, given a resignation written, signed and delivered in compliance with the Code's requirements, the appropriate authority has no discretion but to accept the resignation. Therefore, for the purposes of triggering the Secretary of State's duties under the Code, a vacancy exists as a matter of law. *See* Tex.Elec.Code Ann. §§ 201.-001(a) and 202.023. *See also Seay v. Latham*, 143 Tex. 1, 182 S.W.2d 251 (1944). We agree.

Title 12 of the Texas Election Code provides for elections to fill vacancies in office. Tex.Elec.Code Ann. §§ 201.001–204.021

Election Code.

(Vernon 1988). A key factor in whether a vacancy is filled by election or appointment, and in how a candidate is nominated, is the time the vacancy is deemed to occur.[2] For purposes of this title, a vacancy occurs at the times prescribed in §§ 201.021–.023. In particular, § 201.023 provides:

> If an officer submits a resignation, whether to be effective immediately or at a future date, a vacancy occurs on the date the resignation is accepted by the appropriate authority.

This section, in turn, must be construed together with § 201.001(a):

> To be effective, a public officer's resignation or an officer-elect's declination must be in writing and signed by the officer or officer-elect and delivered to the appropriate authority for acting on the resignation or declination. *A resignation must be accepted by that authority.* (emphasis added)

This sub-section—with the emphasized language—was added in the 1985 recodification and revision of the Texas Election Code. Under the plain language of subsection (a), there are only three requirements for a resignation "to be effective"—that it be written, signed and delivered. It is undisputed that Justice Esquivel's resignation met these requirements.

■ The Secretary of State asserts that there is a fourth requirement and that is, "acceptance" by the appropriate authority. Subsection (a), however, provides in a separate, second, sentence that "[a] resignation must be accepted" by the appropriate authority. Once a resignation is written, signed and delivered to the appropriate authority, that authority has no discretion in the matter and is compelled to accept it. This construction is consistent with the overall purpose of the statute. Title 12,

when read as a whole, clearly was intended to protect the right of the voters of this state to choose their elective officers. *See generally Seay v. Latham,* 182 S.W.2d at 255 and *Kilday v. Germany,* 139 Tex. 380, 163 S.W.2d 184, 189 (1942).

Pursuant to Title 12 of the Texas Election Code, we hold that for the limited purpose of triggering the electoral process, a vacancy in Justice Esquivel's office exists as a matter of law. We anticipate that the Secretary of State will execute his duties in accord with the Election Code and this opinion. Should he fail to do so, a mandamus will issue.

Because of the impending deadline for printing the ballot for the general election, a motion for rehearing will not be entertained. Tex.R.App.P. 190.[3]

MAUZY, J., concurs.

PHILLIPS, C.J., dissents joined by CULVER, J.

MAUZY, Justice, concurring.

I concur with the court's opinion, but write to point out the strained emptiness of the dissent's reasoning. One of the foremost principles of judicial decision-making is that courts will avoid rendering advisory opinions. *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968). Yet, that is exactly what the dissent would have this court do. By raising the spectre of two competing claims to an office, the dissent poses a hypothetical problem that does not in fact present itself to the court and then proceeds to reason around its own "what if" style of speculation. This type of reasoning may be suitable for editorial hyperbole of an idealogue, but judges are to decide

---

2. The procedures for filling a vacancy in a state or county office, other than a state legislator, are found in §§ 202.001–.007. *See also* § 203.001 *et seq.* (state legislature), and § 204.001 *et seq.* (United States Congress).

3. The dissent's reliance on *Sawyer v. City of San Antonio,* 149 Tex. 408, 234 S.W.2d 398 (1950) is misplaced. *Sawyer* is distinguishable on its facts and is a pre-Election Code case. Sawyer was a police officer who sought to withdraw his resignation prior to it having been brought to

the attention of or accepted by the mayor. The court concluded that the resignation had been successfully retracted before it became effective.

The dissenting opinion also poses and answers a question which is "hypothetical, 'iffy' and contingent" and would have the court violate well-established precedent by giving an advisory opinion. *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 333 (Tex. 1968).

real disputes, not imaginary ones. Not only does the dissent focus on a purely theoretical problem, but it also relies for authority on a case that did not even involve an elected official. *Sawyer v. City of San Antonio*, 149 Tex. 408, 234 S.W.2d 398 (1950), involved the resignation of a police officer and had absolutely nothing to do with election law. As such, *Sawyer* is simply not apposite to the case at hand.

This should have been a unanimous decision. The law is straightforward. By applying the Election Code as written, the court has merely assured that the electoral process is allowed to function in accordance with the law as passed by the people's elected representatives.

Our job as judges is to apply the statutory law as written, not to fashion new law based on hypothetical "what if" scenarios. The people of Texas have repeatedly asserted their choice to retain their constitutional right to elect those persons who adjudicate their disputes. This right is too important and too precious to toy with through political posturing and judicial gamesmanship.

PHILLIPS, Chief Justice, dissenting.

I respectfully dissent. Under our Constitution, this court has no authority to mandamus the Governor. Although the writ we conditionally grant today is nominally directed to the Secretary of State, the Governor is the only state official whose conduct is altered by our order. I believe our action today clearly exceeds our constitutional authority.

Under our laws, no resignation is complete until accepted by the proper authority. TEX.ELEC.CODE § 201.023 (1986). The proper authority to accept the resignation of a justice of a court of appeals is the Governor. TEX. CONST. art. 5, § 26; TEX.ELEC.CODE § 201.002 (1986). It is not clear, however, how much discretion the Governor retains either to reject or delay acceptance of a resignation. The court today resolves that question, perhaps correctly and perhaps not. The court's clear error comes in using that resolution as a basis for conditionally granting relator's requested relief.

By a provision added in the 1985 codification of the Election Code, the Legislature required that a resignation "must be accepted by" the appropriate authority. TEX.ELEC.CODE § 201.001(a) (1986). This provision might mean only that no resignation is complete until accepted. Such a construction is consistent with the chapter of the Code as a whole, which requires that the appropriate authority must act on the resignation, TEX.ELEC. CODE §§ 201.001(a), 201.002 (1986), and that no vacancy occurs until that resignation is accepted. TEX.ELEC.CODE § 201.023 (1986). It is also consistent with prior law, which clearly gave the appropriate authority broad discretion to reject or delay acceptance of a resignation. *See Sawyer v. City of San Antonio*, 149 Tex. 408, 413–14, 234 S.W.2d 398, 401–02 (1950).

On the other hand, the provision might mean, as the court holds today, that "[o]nce a resignation is written, signed and delivered to the appropriate authority, that authority has no discretion in the matter and is compelled to accept it." While the current provision contains no express time requirement, the court's interpretation that the authority may neither reject nor delay acceptance of the resignation is not unreasonable on its face.

The particular facts of this case, however, demonstrate the practical difficulties with the court's interpretation. Justice Esquivel, who was re-elected to the Fourth Court of Appeals in 1986, indicated by his letter of resignation an intention to resign effective January 1, 1989. Under TEX. REV.CIV.STAT. art. 17 (1969), that effective date may be impossible, for the law provides:

> Persons elected to unexpired terms in the various state ... offices ... shall be entitled to qualify and assume the duties of their respective offices ... immediately following the official canvass of the results of the election at which they were elected, and they shall take office as soon thereafter as possible.

The individual selected at the November 8, 1988 general election will, therefore, be under a legal obligation to assume office before Justice Esquivel intended to depart. As relators conceded in oral argument, Justice Esquivel may be compelled to vacate his office before he intended, TEX.ELEC. CODE § 201.023 (1986), possibly at considerable personal hardship. In either event, the court's ruling today deprives not only the Governor of the discretion to avoid this problem, but the incumbent office holder of the opportunity to withdraw his resignation before acceptance.

Nevertheless, it is not necessary to resolve the correct construction of section 201.001(a) in order to conclude that mandamus should not issue against the Secretary of State. Even if the Governor must accept a proper resignation, as the court holds, the law does not give the Secretary of State any authority to act when the Governor does not. Even under the court's reading of the Election Code, it is still the Governor who must take action; the Secretary of State's duties only arise thereafter. The act of accepting a resignation is not passive; in my opinion, it still requires "a formal declaration 'or ... something tantamount to an acceptance, such as the appointment of a successor'". *Sawyer v. City of San Antonio*, 108 Tex. at 413, 234 S.W.2d at 401 (quoting 43 Am.Jur. *Public Officers* § 167 (1942)).

The court today requires the Secretary of State to make an affirmative discovery that a resignation has been submitted, to accept that resignation, and to determine when that acceptance is effective. Those requirements are simply beyond the scope of his constitutional or statutory powers. *See generally*, TEX. CONST. art. 4, § 21; TEX.ELEC.CODE §§ 161.008, 202.002, 202.006 (1986).

The conclusion is inescapable that the Governor is the only officer of the state who might have conceivably violated a statutory duty. Since mandamus will not lie against the Governor, this court has no authority to act. In ordering mandamus to lie against the Secretary of State, this court exceeds its jurisdiction by ordering the action of the Governor indirectly when it does not have the jurisdiction to do so directly. TEX. CONST. art. 5, § 3; TEX. GOV'T CODE § 22.002(a) (1988); *McFall v. State Board of Education*, 101 Tex. 572, 573, 110 S.W. 739, 740 (1908).

CULVER, J., joins in this dissent.