Randall Buck Wood, Ray, Wood & Fine, Austin, Harold D. Hammett, Fort Worth, for relators.

Patrick A. Pirtle, Amarillo, Jim Mattox, Atty. Gen., Lou McCrary, Asst. Atty. Gen., Austin, for respondent.

---

The STATE DEMOCRATIC EXECUTIVE COMMITTEE, Bob Slagle, Chairman, and Bryan Poff, Jr., Relators,

v.

The Honorable Jack RAINS, Secretary of State, Respondent.

No. C–7921.

Supreme Court of Texas.

Oct. 12, 1988.

Rehearing Denied Oct. 26, 1988.

MAUZY, Justice.

This election mandamus involves the statutory process for the selection and certification of replacement nominees for the ballot. Justice Richard N. Countiss, an unopposed Democratic candidate for the Seventh Court of Appeals, withdrew from the race. Relators, the State Democratic Executive Committee, its Chairman Bob Slagle, and its replacement nominee, Judge Bryan Poff, sought to compel the Secretary of State to amend his certification of candidates so as to omit the name of Justice Patrick A. Pirtle, the nominee the Republican Party was entitled to name upon Justice Countiss' withdrawal. By selecting its nominee by a telephone poll without a meeting of its members, the State Republican Executive Committee violated the procedural requirements of § 145.036(d) of the

Texas Election Code. We therefore granted the writ of mandamus on an expedited basis by order of September 26, 1988.

Having earlier resigned his office, Justice Countiss withdrew his candidacy for the general election on August 6, 1988. In accordance with section 145.036 of the Texas Election Code, the District Democratic Executive Committee, consisting of the county chairs in each county comprising the Seventh Court of Appeals District, met on August 20, 1988 and selected Bryan Poff as its replacement nominee. Poff's name was duly certified to and accepted by the Secretary of State. On September 6, the District Republican Executive Committee met but, for lack of a quorum, failed to select a nominee. Without holding a meeting, the State Republican Executive Committee then conducted a telephone poll of its members. Based on the results of this poll, Fred Meyer, the Republican State Chairman, certified Justice Pirtle, the Governor's interim appointee, as the Republican nominee. The Secretary of State accepted Justice Pirtle as the Republican nominee and certified him as a candidate for the ballot.

As authority for conducting its telephone poll, the State Republican Executive Committee apparently relied on its own bylaws which state in article 5, section 1 that "[v]otes required by statutory contingency may be ratified by a telephone poll representing approval by a majority of respondents, said respondents being no less than ¾ of the executive committee membership." Although political parties are statutorily authorized to make party rules, all such rules must be consistent with state law. Tex.Elec.Code Ann. § 161.003 (Vernon 1986). Moreover, a political party may exercise its inherent powers only within the limits of the Election Code, and the Code specifically provides that a political party may make nominations for public office only by the methods provided within the Code. Tex.Elec.Code Ann. §§ 161.001, 161.003 (Vernon 1986).

The requirements for making replacement nominations are spelled out in section 145.036 of the Election Code. Subsections (a), (b) and (c) set out the events enabling the "appropriate executive committee" to act, depending on the timing of a candidate's withdrawal. Subsection (d) sets out specific meeting and vote requirements and reads:

> For the purpose of filling a vacancy, a majority of the committee's membership constitutes a quorum. To be nominated, a person must receive a favorable vote of a majority of the *members present.*

(emphasis added). The State Democratic Executive Committee argues, and we agree, that section 145.036(d) requires an actual meeting of a quorum of the committee membership, and, in turn, the vote of a majority of the members present at the meeting.

If the people's elected representatives want to authorize political parties to select nominees by telephone polls rather than by meetings wherein some exchange of ideas may occur, then they can amend the statute. However, we will apply the statute as it is now written and will not permit any party to disregard the statute by the enactment of rules to the contrary.

The Republican Executive Committee contends that this situation is not controlled by section 145.036 but is instead governed by section 145.038 which expressly states that in the event a local committee fails to act, "the state executive committee may nominate a candidate to fill the vacancy." They rely on section 145.038's failure to specifically repeat all the provisions of section 145.036. We conclude, however, that section 145.036 clearly sets out requirements of general applicability to the making of a replacement nomination by an executive committee, state or local. The local committee's failure to act does not afford the State Republican Executive Committee a vehicle for avoiding the procedural requirements of section 145.036(d) any more than it would allow them to avoid the substantive time limits and other prerequisites set out in section 145.036(a), (b) and (c).

The Secretary of State has a duty to certify for the ballot the legally nominated candidates of a party. Tex.Elec.Code Ann.

§ 161.008 (Vernon 1986). In turn, the authorities responsible for preparing the ballot must depend on the names being lawfully certified to them. Tex.Elec.Code Ann. §§ 52.003–.004 (Vernon 1986). Mandamus will issue to compel the Secretary of State to perform his duties in compliance with law. *Seay v. Latham,* 143 Tex. 1, 182 S.W.2d 251 (1944). We therefore granted the writ of mandamus and ordered the Secretary of State to amend his certification to reflect only those candidates nominated in compliance with the Election Code and specifically to remove from the general election ballot the name of Patrick A. Pirtle as a candidate for Place 1, Court of Appeals for the Seventh Court of Appeals District.

CULVER, J., dissents in an opinion joined by COOK, J.

CULVER, Justice, dissenting.

I am compelled to dissent. The court's decision in this case is inconsistent with our recent decision in *The State Democratic Executive Committee, Bob Slagle, Chairman, and Ron Carr v. Jack Rains, Secretary of State,* 756 S.W.2d 306 (Tex.1988).[1] In the instant case, the majority's extremely technical construction of the Election Code results in an order deleting Patrick A. Pirtle's name from the general election ballots in the forty-five counties of the 7th Court of Appeals. This result is entirely inconsistent with this court's prior holdings.

Only last month, in the above cited *"Ron Carr"* case, a majority of this court liberally construed the provisions of the Election Code in conditionally granting a writ of mandamus compelling the Secretary of State to accept the certification of the Democratic Executive Committee's candidate, Ron Carr. Purporting to rely on *Seay v. Latham,* 143 Tex. 1, 182 S.W.2d 251 (1944), the majority advocated an interpretation of the Election Code "to protect the right of

the voters of this state to choose their elective officers." *See The State Democratic Executive Committee, Bob Slagle, Chairman and Ron Carr v. Jack Rains, Secretary of State,* at 646. On September 26, 1988, one month later, the majority, again relying on *Seay v. Latham,* reaches a completely different result and denies the people in forty-five counties of Texas their constitutional right to choose their elective officers.

Basic to this case is an interpretation of the Election Code, Section 145.036(d), which calls for a meeting of the State Republican Executive Committee to certify a candidate. Even though the Democrats would not attend or participate in a meeting of the State Republican Executive Committee, they were offended because the Republicans conducted their meeting by telephone. How the Democrats were harmed by the polling of committee members by telephone remains a mystery.

Section 163.002 of the Election Code provides that a political party may adopt bylaws. Pursuant to Section 163.002 the Republicans formally adopted the following:

The Executive Committee shall meet upon call of the Chairman, at such times as required by the Texas Election Code and as provided by these bylaws in (succeeding) sections of this Article, and by the rules of The Republican Party of Texas. *Votes required by statutory contingencies may be ratified by a telephone poll representing approval by a majority of respondents, said respondents being no less than ¾ of the executive committee membership.* All meetings of the Executive Committee other than those conducted by telephone, shall be open to credentialed media representatives and to interested Party members, except that the Executive Committee may declare an executive (closed) session for the purpose of considering confidential matters. (Emphasis added)

1. Cf. *The State Democratic Executive Committee, Bob Slagle, Chairman, and Ron Carr v. Jack Rains, Secretary of State,* 756 S.W.2d 306 (Tex. 1988) (The current mandamus proceeding is the second of two recent requests for mandamus which have been brought by the State Democratic Executive Committee. In both instances, a majority of the court has granted the Democratic Party's request.)

State Republican State Executive Committee Bylaw (Article V, Section I). Operating under this bylaw, the Executive Committee members were contacted by telephone. An overwhelming majority of those contacted —not surprisingly—approved the governor's nominee, Patrick A. Pirtle. He assumed office and has served on the Court of Appeals since September 14, 1988.

The majority's holding conflicts with past decisions concerning the availability of mandamus. *See generally Skelton v. Yates*, 131 Tex. 620, 119 S.W.2d 91 (1938) (holding that upon commencement of the election process, mandamus will not lie to prevent the inclusion of a candidate on the official ballot because by that time the case has become moot). In the case at bar, the election process has begun. Pirtle, the Republican candidate's name, has been printed on all the ballots in forty-five Panhandle counties anticipating the November 8, 1988, general election. As of September 24, 1988, absentee ballots may be mailed to voters. This court ordered Justice Pirtle's name stricken from the general election ballot on September 26, 1988. Interfering with the election process in this manner after the process has begun is a radical and imprudent departure from past precedent.

By a meritless selection process, the majority has effectively chosen a justice for the 7th Court of Appeals, thereby usurping the constitutional right of the voters in that vast region to choose between candidates. The majority's opinion places a premium on the form of the State Republican Executive Committee's meeting while failing to consider the substance of denying voters' rights. At no point in the briefs, pleadings or arguments have the qualifications of Justice Pirtle been challenged. The majority claims to have eliminated Justice Pirtle from the election process merely because the State Republican Executive Committee members were contacted by telephone, and did not convene a "meeting" under this court's interpretation of the Election Code. If error exists in the Republican party's failure to convene its Executive Committee, the error was one of form, not substance. This failure to convene for the purpose of approving the governor's nominee—if error

it be—is insignificant compared to the majority's denial of the voter's right to choose a justice for the 7th Court of Appeals.

As it now stands, only the name of the Democratic Party's candidate will appear on the general election ballot. I disagree with this result because the people's right to elect those persons who adjudicate their disputes is only meaningful if the people are given a choice between *two* qualified candidates. By granting appellant's request, the majority's decision denies the voters of the 7th Judicial District any choice. This is wrong, I believe this court should avoid intervening in the election process, and I am compelled to dissent. The motion for leave to file petition for writ of mandamus should have been denied.

COOK, J., joins in this dissenting opinion.