

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 29, 1996

The Honorable Ron Lewis
Chair, County Affairs Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-406

Re: Whether an independent school district board member who resigns may withdraw the resignation before his or her successor qualifies for office (RQ-885)

Dear Representative Lewis:

On behalf of the Bridge City Independent School District, you ask whether a school board member who resigns may withdraw the resignation before his or her successor qualifies for office. You have submitted a letter from the school district's counsel that asks about the status of a school board member who "resigns but then returns to the Board before any new member is appointed to fill the vacancy." The letter suggests that "the act of returning prior to the appointment of a member to fill the vacancy results in a situation as if the Board member had never resigned." We disagree.

Under common law, the resignation of a public officer is not effective until it has been accepted by the person or entity having the authority to appoint a successor. *Sadler v. Jester*, 46 F. Supp. 737 (N.D. Tex. 1942); *Sawyer v. City of San Antonio*, 234 S.W.2d 398 (1950). We believe, however, that this rule has been modified with respect to elected officials in this state by sections 201.001(a) and 201.023 of the Election Code, the former of which provides in pertinent part as follows:

> To be effective, a public officer's resignation . . . must be in writing and signed by the officer . . . . and delivered to the appropriate authority for acting on the resignation . . . . *The authority may not refuse to accept a resignation.*

Elec. Code § 201.001(a) (emphasis added). Section 201.023 of the Election Code provides that "[i]f an officer submits a resignation, . . . a vacancy occurs on the date the resignation is accepted by the appropriate authority or on the eighth day after the date of its receipt by the authority, whichever is earlier."[1]

---

[1]Prior to 1989, the last sentence of section 201.001(a) provided, "A resignation must be accepted by that authority." Act of May 13, 1985, 69th Leg., R.S., ch. 211, § 1, 1985 Tex. Gen. Laws 1005. In *Texas Democratic Executive Committee v. Rains*, 756 S.W.2d 306, 307 (Tex. 1988), the Texas Supreme Court concluded that under this provision there were only three elements for an effective resignation—"that it be written, signed, and delivered. . . . Once a resignation is written, signed and delivered to the appropriate authority, that authority has no discretion in the matter and is compelled to accept it." *Id.* at

Section 201.002 of the Election Code states that "[u]nless otherwise provided by law, the authority to act on a public officer's resignation . . . is the officer or body authorized to make an appointment or order a special election to fill a vacancy in the office." The Education Code, section 11.060 establishes procedures for filling school board vacancies. In the case of an independent school district, the school board is the body authorized to make an appointment or order a special election to fill a vacancy in the board. Educ. Code § 11.060(a), (c).[2]

Based on the foregoing provisions, we conclude that an independent school district board member's written, signed resignation that has been delivered to the school board is effective upon its acceptance by the school board or on the eighth day after the date of its receipt by the school board, whichever occurs earlier. The school board member may withdraw the resignation before it becomes effective. The letter submitted with your request suggests that a school board member may withdraw his or her resignation *after* it has been become effective. This is not the case. It is well-established in this state that a public officer may not withdraw a resignation once it has become effective. *See, e.g., Sadler v. Jester*, 46 F. Supp. at 740; *Amarillo v. Mendenhall*, 276 S.W.2d 868 (Tex. Civ. App.--1955, error ref'd n.r.e.); Attorney General Opinions DM-248 (1993) at 1-2 (once resignation of police officer has become effective, resignation cannot be withdrawn); M-659 (1970) at 2 (county attorney is not entitled to withdraw resignation once effective); Letter Opinion No. 94-059 (1994). Of course, a public officer holds over until his or her successor qualifies for office under article XVI, section 17 of the Texas Constitution.

We note that a 1940 opinion of this office concluded, on the basis of the constitutional holdover provision, that the resignation of a school board member does not become effective until his or her successor has been appointed and that, as a result, a school board member may withdraw his or her resignation prior to that time. *See* Attorney General Opinion O-1432 (1940). This is not the modern view, however. In

---

(footnote continued)

307. Under this statute as interpreted by the court, a written, signed resignation would become effective upon delivery to the appropriate authority. The legislature amended the last sentence of section 201.001(a) to its present form in 1989. *See* Act of May 22, 1989, 71st Leg., R.S., ch. 1187, § 1, 1989 Tex. Gen. Laws 4833. It also amended section 201.023, adding "or on the eighth day after the date of its receipt by the authority, whichever is earlier." *Id.* § 2. A legislative bill analysis states that these amendments were made in response to the court's holding in *Texas Democratic Executive Committee v. Rains*, and suggests that the legislature intended, at least in part, to create a period between delivery of a resignation and its acceptance during which the resigning official would be able to withdraw the resignation. *See* House Research Organization, Bill Analysis, S.B. 546, 71st Leg., R.S. (1989); *see also* House Comm. on Elections, Bill Analysis, S.B. 546, 71st Leg., R.S. (1989).

[2]Vacancies on boards of trustees of independent school districts are filled by the board until the next trustee election. Educ. Code § 11.060(a). If a board is appointed by the governing body of a municipality, that governing body appoints a trustee to serve the remaining unexpired term. *Id.* § 11.060(b). In addition, the appropriate body has the option of ordering a special election. *Id.* § 11.060(c).

Attorney General Opinion M-659, for example, this office stated that while the constitutional holdover provision requires an officer who has resigned to continue to serve, it does not follow that the officer may withdraw an effective resignation because of his or her holdover status, "[n]or does it follow that a 'vacancy' has not thereby been created subject to being filled by the proper authorities." Attorney General Opinion M-659 (1970) at 3.

## S U M M A R Y

An independent school district board member's written, signed resignation that has been delivered to the school board is effective upon its acceptance by the school board or on the eighth day after the date of its receipt by the school board, whichever occurs earlier. A resignation may not be withdrawn after it becomes effective. Although the board member whose resignation has become effective must hold over until his or her successor qualifies for office, the board member's holdover status does not permit the board member to withdraw the resignation.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General